Honorable Mary Estill Buchanan Secretary of State State of Colorado 1575 Sherman Street, 2d Floor Denver, CO 80203
Dear Ms. Buchanan:
I am writing in response to your March 11, 1980 request for an attorney general's opinion on the question set forth below.
QUESTION PRESENTED AND CONCLUSION
Do the provisions of C.R.S. 1973, 1-12-101 apply to challenges filed with the county clerk and recorder prior to municipal election?
 It is my opinion that such provisions do apply. A uniform interpretation of the Election Code would require that any challenge to illegal or fraudulent registration be filed with the county clerk and recorder not less than 15 days before any general, primary or special election and before any municipal election.
ANALYSIS
C.R.S. 1973, 1-12-101(1) provides:
 (1) Any qualified elector may by written challenge protest against the registration of any person whose name appears in the registration books. Such written challenge shall state the precinct number, the name of the challenged registrant, and the basis for such challenge, which may be upon information and belief, and shall bear the signature and address of the challenger. The written challenge shall be filed with the county clerk not less than fifteen days before any general, primary, or special election. The county clerk and recorder shall notify such registrant of such challenge and shall set a time and place for a hearing to be held not later than five days after the filing of the challenge, at which hearing the registrant so challenged shall have the opportunity to appear. The person so challenging such registration shall bear the burden of proof of the allegations in the challenge. The county clerk shall conduct such hearing and receive testimony and evidence, and shall render his decision within twenty-four hours thereafter, and shall notify both parties of his decision.
Parts (2) and (3) of that statute set forth procedures for immediate judicial review of the clerk's decision.
Challenges to registration are challenges to the qualifications of an elector, said qualifications being set forth in part 2 of article 1 of the General Election Code. The registration requirements for municipal elections are the same as those governing general elections. C.R.S. 1973, 31-10-203(2). The intent of the time limitations imposed by C.R.S. 1973, 1-12-101
is to permit a challenge to fraudulent or illegal registration to be filed, heard by the county clerk and recorder, determined by the clerk, and appealed to and determined by the district court prior to the next coming election in order to permit a challenged elector who is determined to be qualified to vote in the ensuing election.
Therefore, an interpretation of the challenge provisions of the Colorado Election Code that would permit a judicial determination of an elector's qualification prior to foreclosure of his right to exercise his elective franchise in a municipal election would be consistent with the mandate of C.R.S. 1973, 1-1-103 which provides that the Election Code should be liberally construed so that all legally qualified electors may be permitted to vote.
SUMMARY
It is therefore my conclusion that a challenge of illegal or fraudulent registration must be filed with the appropriate filing officer not less than 15 days before any election, and that the provisions for hearing determination and judicial review as set forth in C.R.S. 1973, 1-12-101 shall also apply to such a challenge in any election held under Colorado law.
I hope this opinion sufficiently addresses your inquiry.
Very truly yours,
 J.D. MacFARLANE Attorney General
SECRETARY OF STATE ELECTIONS
C.R.S. 1973, 1-12-101
C.R.S. 1973, 31-10-203(2) C.R.S. 1973, 1-1-103
SECRETARY OF STATE DEPT. Elections, Div. of
C.R.S. 1973, 1-12-101 applies to challenges in all elections under Colorado law.